FILED

07/21/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0396

DA 25-0396

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2026 MT 163N

REX WILLIAM ALLEN, JR,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-25-186
Honorable Tara J. Elliott, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Rex William Allen, Jr., Self-Represented, Mansfield, Pennsylvania

      For Appellee:

      Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

      Matthew C. Jennings, Missoula County Attorney, Brandon Zeak,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs: May 27, 2026

Decided: July 21, 2026

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Rex William Allen, Jr. challenges the Fourth Judicial District Court's denial of his petition for postconviction relief. The court concluded that Allen's petition was untimely and that he otherwise did not show he was entitled to relief. We affirm.

¶3    Allen pleaded guilty to a charge of felony partner or family member assault (PFMA) on July 25, 2017. *See* § 45-5-206(1)(a), MCA. The District Court sentenced Allen to the Montana State Prison for a term of three years, none suspended. Later, the State charged Allen with failure to register as a violent or sexual offender. *See* §§ 46-23-504 through -507, MCA. Allen moved to dismiss the charges, contending that he did not need to register because his Georgia conviction for simple battery did not qualify as a predicate offense. The District Court granted Allen's motion.

¶4    Allen subsequently filed a petition for postconviction relief for his felony PFMA charge. On August 20, 2021, the District Court granted relief and reduced Allen's conviction from a felony to a misdemeanor PFMA. Neither Allen nor his counsel appeared at the resentencing hearing held on September 28 or at the rescheduled October 12 sentencing hearing. The District Court sentenced him, in absentia, to Missoula County Detention Facility for a period of 231 days and ordered that he receive credit for 231 days

2

of time served. The court entered its written judgment on October 19, 2021. On March 3, 2025, Allen filed a petition for postconviction relief for his misdemeanor PFMA conviction. The District Court denied his petition, concluding that it was time-barred. Allen now appeals.

¶5 On appeal of a district court's denial of a petition for postconviction relief, we review its findings of fact for clear error and its conclusions of law for correctness. *Peterson v. State*, 2017 MT 165, ¶ 6, 388 Mont. 122, 398 P.3d 259 (citation omitted).

¶6 Generally, postconviction relief petitions must be filed "within 1 year of the date that the conviction becomes final." Section 46-21-102(1), MCA. For purposes of postconviction relief, a judgment is final (1) "when the time for appeal to the Montana [S]upreme [C]ourt expires," (2) if appealed to the Montana Supreme Court, "when the time for petition to the United States [S]upreme [C]ourt expires," or (3) if the defendant seeks the United States Supreme Court's review, "the date the court issues its final order in the case." Section 46-21-102(1), MCA.

¶7 A defendant must appeal to this Court sixty days from the district court's entry of judgment. M. R. App. P. 4(5)(b). Allen did not appeal the court's October 19, 2021 judgment to this Court. Allen's misdemeanor conviction became final sixty days later on December 18. He therefore had until December 18, 2022, to timely file his petition for postconviction relief. Allen did not file his petition until March 3, 2025, years after the statutory allowance had run.

¶8 This Court "will not consider grounds for postconviction relief that reasonably could have been raised on direct appeal." *DeShields v. State*, 2006 MT 58, ¶ 15, 331 Mont. 329,

132 P.3d 540 (citing § 46-21-105(2), MCA). "A claim based on facts of record in the underlying case must be raised in a direct appeal . . . ." *State v. Evert*, 2007 MT 30, ¶ 16, 336 Mont. 36, 152 P.3d 713 (citation omitted). We consistently apply this procedural bar unless "a postconviction petitioner can demonstrate a fundamental miscarriage of justice." *Evert*, ¶ 16 (citation omitted).

¶9 Under the miscarriage of justice exception to postconviction relief's time bar, a claim of procedural innocence—which Allen seems to allege here—requires a showing of: (1) "*reliable new evidence* not previously considered at trial" and (2) "an otherwise procedurally barred assertion of prejudicial constitutional trial error that resulted either in wrongfully admitted evidence or wrongfully excluded evidence," together demonstrating it is likely "no reasonable juror would have found the petitioner guilty of the subject crime beyond a reasonable doubt." *Henderson v. State*, 2024 MT 253, ¶¶ 18, 50, 418 Mont. 431, 558 P.3d 748 (emphasis added; internal quotations omitted; citations omitted).

¶10 Allen raises several procedural claims that the District Court erred when it conducted proceedings convicting and sentencing him for a misdemeanor PFMA. He relies, however, entirely on the record from his underlying criminal case and does not assert the existence of any new evidence. The miscarriage of justice exceptions therefore are not available. Allen's petition for postconviction relief is both time-barred and procedurally-barred from review.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of

4

applicable standards of review.  The District Court correctly concluded that Allen's petition

for postconviction relief was untimely.  We affirm.

/S/ BETH BAKER


We Concur:

/S/ KATHERINE M. BIDEGARAY
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE